# Exhibit A

DEC 0 7 2009

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE LEINENWEBER

MAGISTRATE JUDGE KEYS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) No. 09 CR 830 | |
| ) | |
| DAVID COLEMAN HEADLEY ) Violations: Title 18, United | |
| a/k/a "Daood Gilani," ) States Code, Sections 956(a)(1), | |
| ) 2332(a)(1), 2332f(a)(2), 2339A, and | |
| ) 2339B | |

## COUNT ONE

**(Conspiracy to Bomb Places of Public Use in India)**

The UNITED STATES ATTORNEY charges:

1. At times material to this information:

    A. An organization known as "*Lashkar e Tayyiba*" (the "Army of the Good")("*Lashkar*") operated in Pakistan for the principal purpose of fighting to separate from India portions of the Indian state of Jammu and Kashmir. *Lashkar* maintained training camps in Pakistan, and trained operatives to carry out terrorist attacks against both military targets and civilians in India. *Lashkar* was a group designated by the United States Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act, and has been so designated since December 26, 2001.

    B. First World Immigration Services ("First World") was an immigration services business with its principal place of business in Chicago, Illinois, but which also maintained offices in New York City; Toronto, Canada; and elsewhere. In or about 2006,

First World opened an office in Mumbai, India. Individual A owned First World and controlled its operations.

C. Defendant DAVID COLEMAN HEADLEY was a United States citizen. HEADLEY attended *Lashkar* training camps in Pakistan which began in or around February 2002, August 2002, April 2003, August 2003 and December 2003.

2. Beginning no later than in or about late 2005, and continuing through on or about October 3, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere within and without the jurisdiction of the United States,

DAVID COLEMAN HEADLEY,

defendant herein, conspired with members of *Lashkar*, Individual A, and others known and unknown, to deliver, place, discharge and detonate explosives and other lethal devices in, into and against places of public use, state and government facilities, public transportation systems and infrastructure facilities in India, with the intent to cause death and serious bodily injury and with the intent to cause extensive destruction of such places and facilities, and where such destruction would likely result in major economic loss; and the offender, HEADLEY, is a national of the United States and was found in the United States.

3. HEADLEY and his conspirators committed acts to effect the object of the conspiracy, namely:

A. After learning from members of *Lashkar* in or around late 2005 that he would travel to India to perform surveillance and other tasks for *Lashkar*, HEADLEY

changed his given name of "Daood Gilani" to "David Headley" on or about February 15, 2006, in Philadelphia, Pennsylvania, in order to present himself in India as an American who was neither Muslim nor Pakistani;

B. HEADLEY traveled to Chicago, Illinois, in or around June 2006, and advised Individual A of his assignment from *Lashkar* to perform surveillance and other activity in Mumbai, India. HEADLEY obtained Individual A's approval to open a First World office in Mumbai, India, as cover for this activity. Individual A instructed an employee of First World to prepare documents to support HEADLEY's cover story and advised HEADLEY regarding how to obtain a visa for travel to India. In applying for his visa to travel to India, HEADLEY misrepresented his birth name, father's true name and the purpose for his travel;

C. HEADLEY traveled to Mumbai, India, for extended periods starting in or about September 2006, February 2007, September 2007, April 2008 and July 2008. Before leaving for each of these periods, HEADLEY received instructions from other co-conspirators to take video surveillance of locations in and around Mumbai, India;

D. During his stays in India, HEADLEY conducted extensive surveillance, taking pictures and making videotapes of various targets in India, including, but not limited to, the Taj Mahal hotel, the Oberoi hotel, the Leopold Café, the Nariman House, and the Chhatrapati Shivaji Terminus train station as well as other places of public use, state and government facilities, public transportation systems and infrastructure facilities;

E. Following each trip to India, HEADLEY returned to Pakistan, met with other co-conspirators, and provided the results of his surveillance, including photographs, videos and oral descriptions of various locations;

F. In or around March 2008, HEADLEY met with other co-conspirators, and discussed potential landing sites for a team of attackers who would arrive by sea in Mumbai, India. In or around March 2008, HEADLEY was instructed to take boat trips in and around the Mumbai harbor and take surveillance video, which HEADLEY did during his stay in India starting in April 2008;

G. On November 26, 2008, and continuing through November 28, 2008, ten attackers trained by *Lashkar* carried out multiple assaults with firearms, grenades and improvised explosive devices against multiple targets in Mumbai, India, including attacks on the Taj Mahal hotel, the Oberoi hotel, the Leopold Café, the Nariman House, and the Chhatrapati Shivaji Terminus train station, killing approximately 170 persons;

H. At various times, HEADLEY conducted surveillances of other locations in Mumbai and elsewhere in India of facilities and locations that were not attacked in November 2008. Those surveillances included, but were not limited to, surveillance in March 2009 of the National Defense College in Delhi, India; and

I. Beginning in or around late 2005, and continuing through October 3, 2009, HEADLEY and his co-conspirators concealed, misrepresented and hid, and caused

4

to be concealed, misrepresented, and hidden, the existence and purpose of the conspiracy and the acts done in furtherance of the conspiracy;

All in violation of Title 18, United States Code, Section 2332f(a)(2).

## COUNT TWO

### (Conspiracy to Murder and Maim in India)

The UNITED STATES ATTORNEY further charges:

1. The allegations of paragraph 1 of Count One of this Information are realleged and incorporated as though fully set forth herein.

2. Beginning no later than in or about late 2005, and continuing through on or about October 3, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere within and without the jurisdiction of the United States,

DAVID COLEMAN HEADLEY,

defendant herein, conspired with members of *Lashkar*, Individual A, and others known and unknown, to commit acts outside the United States that would constitute the offenses of murder and maiming if committed in the special maritime and territorial jurisdiction of the United States, and conspirators committed acts within the jurisdiction of the United States to effect the object of the conspiracy, namely:

A. After learning from members of *Lashkar* in or around late 2005 that he would travel to India to perform surveillance and other tasks for *Lashkar*, HEADLEY changed his given name of "Daood Gilani" to "David Headley" on or about February 15, 2006, in Philadelphia, Pennsylvania, in order to present himself in India as an American who was neither Muslim nor Pakistani;

B. HEADLEY traveled to Chicago, Illinois, in or around June 2006, and advised Individual A of his assignment from *Lashkar* to perform surveillance and other activity in Mumbai, India. HEADLEY obtained Individual A's approval to open a First World office in Mumbai, India, as cover for this activity. Individual A instructed an employee of First World to prepare documents to support HEADLEY's cover story and advised HEADLEY regarding how to obtain a visa for travel to India. In applying for his visa to travel to India, HEADLEY misrepresented his birth name, father's true name and the purpose for his travel;

C. HEADLEY traveled to Mumbai, India, for extended periods starting in or about September 2006, February 2007, September 2007, April 2008 and July 2008. Before leaving for each of these periods, HEADLEY received instructions from other co-conspirators to take video surveillance of locations in and around Mumbai, India;

D. During his stays in India, HEADLEY conducted extensive surveillance, taking pictures and making videotapes of various targets in India, including, but not limited to, the Taj Mahal hotel, the Oberoi hotel, the Leopold Café, the Nariman House, and the Chhatrapati Shivaji Terminus train station as well as other places of public use, state and government facilities, public transportation systems and infrastructure facilities;

E. Following each trip to India, HEADLEY returned to Pakistan, met with other co-conspirators, and provided the results of his surveillance, including photographs, videos and oral descriptions of various locations;

F. In or around March 2008, HEADLEY met with other co-conspirators, and discussed potential landing sites for a team of attackers who would arrive by sea in Mumbai, India. In or around March 2008, HEADLEY was instructed to take boat trips in and around the Mumbai harbor and take surveillance video, which HEADLEY did during his stay in India starting in April 2008;

G. On November 26, 2008, and continuing through November 28, 2008, ten attackers trained by *Lashkar* carried out multiple assaults with firearms, grenades and improvised explosive devices against multiple targets in Mumbai, India, including attacks on the Taj Mahal hotel, the Oberoi hotel, the Leopold Café, the Nariman House, and the Chhatrapati Shivaji Terminus train station, killing approximately 170 persons;

H. At various times, HEADLEY conducted surveillances of other locations in Mumbai and elsewhere in India of facilities and locations that were not attacked in November 2008. Those surveillances included, but were not limited to, surveillance in March 2009 of the National Defense College in Delhi, India; and

I. Beginning in or around late 2005, and continuing through October 3, 2009, HEADLEY and his co-conspirators concealed, misrepresented and hid, and caused

to be concealed, misrepresented, and hidden, the existence and purpose of the conspiracy and the acts done in furtherance of the conspiracy;

All in violation of Title 18, United States Code, Section 956(a)(1).

## COUNTS THREE THROUGH EIGHT

## (Murder of United States Nationals In India)

The UNITED STATES ATTORNEY further charges:

1. The allegations of paragraph 1 of Count One of this Information are realleged and incorporated as though fully set forth herein.

2. On or about the dates listed below, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere within and without the jurisdiction of the United States,

DAVID COLEMAN HEADLEY,

defendant herein, aided and abetted the murders of United States nationals while such nationals were outside the United States, namely, HEADLEY aided and abetted the murders in Mumbai, India, of:

| Count: | Date of Offense: | Victim: |
| --- | --- | --- |
| THREE | November 26, 2008 | BEN ZION CHROMAN |
| FOUR | November 27, 2008 | GAVRIEL HOLTZBERG |
| FIVE | November 26, 2008 | SANDEEP JESWANI |
| SIX | November 26, 2008 | ALAN SCHERR |
| SEVEN | November 26, 2008 | NAOMI SCHERR |
| EIGHT | November 27, 2008 | ARYEH LEIBISH TEITELBAUM |

All in violation of Title 18, United States Code, Sections 2332(a)(1) and 2.

## **COUNT NINE**

### (Conspiracy to Provide Material Support)

The UNITED STATES ATTORNEY further charges:

1. The allegations of paragraph 1 of Count One of this Information are realleged and incorporated as though fully set forth herein.

2. Beginning no later than in or about late 2005, and continuing through on or about October 3, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere:

### DAVID COLEMAN HEADLEY,

defendant herein, conspired with Individual A, and others known and unknown, to provide material support and resources, namely, personnel, tangible property and false documentation and identification, and to conceal and disguise the nature, location, source and ownership of such support and resources, knowing and intending that they were to be used in the preparation for, and in carrying out, a violation of Title 18, United States Code, Section 2332f, as charged in Count One of this Information and as a result of such material support, death resulted to approximately 170 persons;

All in violation of Title 18, United States Code, Section 2339A.

## COUNT TEN

### (Conspiracy to Murder and Maim Persons in Denmark)

The UNITED STATES ATTORNEY further charges:

1. The allegations of paragraph 1 of Count One of this Information are realleged and incorporated as though fully set forth herein.

2. At times material to this Information:

   A. Ilyas Kashmiri was an influential leader of *Harakat ul Jihad al Islami* ("HUJI"), an organization that trained terrorists and executed attacks in, among other areas, the Indian state of Jammu and Kashmir. Beginning in or about 2007, Kashmiri based his operations from the Federally Administered Tribal Areas ("FATA") of western Pakistan, an area which served as a haven for terrorist organizations, including al Qaeda and the Taliban.

   B. HEADLEY was introduced to Kashmiri as early as February 2009, and understood that Kashmiri was in regular communication with the senior leadership of al Qaeda.

   C. The Danish daily newspaper *Morgenavisen Jyllands-Posten* ("*Jyllands Posten*") had published an article entitled "Muhammeds ansigt" ("The face of Muhammed"). The article consisted of twelve cartoons, some of which depicted the Prophet Muhammed, to which many Muslims took great offense. The article contained

explanatory text written by an individual described herein as Editor A, and a cartoon drawn by an individual described herein as Cartoonist A.

3. Beginning no later than in or about October 2008, and continuing through on or about October 3, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere within and without the jurisdiction of the United States:

DAVID COLEMAN HEADLEY,

defendant herein, conspired with Ilyas Kashmiri, Individual A, members of *Lashkar*, and others known and unknown, to commit acts outside the United States that would constitute the offenses of murder and maiming if committed in the special maritime and territorial jurisdiction of the United States, and conspirators committed acts within the jurisdiction of the United States to effect the object of the conspiracy, namely, to plan for and carry out terrorist attacks, including murder and maiming, against the facilities of *Jyllands-Posten*, located in Copenhagen, Denmark, and at least two of its employees, Editor A and Cartoonist A.

4. In furtherance of the conspiracy, and to accomplish its objectives, defendant performed, and caused to be performed, the following overt acts:

    A. In or around late 2008, HEADLEY met with and discussed planning for the attack, including extensive surveillance work to be performed by HEADLEY, with co-conspirators while HEADLEY was in Pakistan;

13

B. In or around late December 2008 and early January 2009, after advising Individual A of the planned attack and his intended travel to Denmark for the purpose of performing surveillance of the *Jyllands-Posten* facilities, HEADLEY obtained Individual A's approval and assistance to identify himself as a representative of First World and gain entry to the newspaper facility by falsely expressing interest in placing an advertisement for First World in the newspaper. Before leaving Chicago, Illinois, HEADLEY and Individual A caused to be made business cards that identified HEADLEY as a representative of First World;

C. In or around late December 2008 and early January 2009, HEADLEY, while in Chicago, Illinois, sent emails to, and received emails from, co-conspirators to continue planning for the attack and coordinate HEADLEY's travel to Denmark to conduct surveillance;

D. In or around January 2009, HEADLEY traveled from Chicago, Illinois, to Copenhagen, Denmark, to conduct surveillance of the *Jyllands Posten* newspaper offices in the cities of Copenhagen and Aarhus in Denmark and videotaped the surrounding areas;

E. In or around January 2009 and continuing through May 2009, HEADLEY met with co-conspirators, including Ilyas Kashmiri, on multiple occasions in Pakistan to review his surveillance activity and discuss plans for the attack;

F.  In or around August 2009, HEADLEY traveled from Chicago, Illinois, to Copenhagen, Denmark, to conduct additional surveillance and made approximately 13 additional surveillance videos; and

G.  On October 3, 2009, HEADLEY traveled to O'Hare Airport in Chicago, Illinois, intending to ultimately travel to Pakistan in order to meet with, and deliver, the approximately 13 surveillance videos to co-conspirators, including Kashmiri;

All in violation of Title 18, United States Code, Section 956(a)(1).

## COUNT ELEVEN

**(Conspiracy to Provide Material Support to Terrorism in Denmark)**

The UNITED STATES ATTORNEY further charges:

Beginning no later than in or about October 2008, and continuing through on or about October 3, 2009, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID COLEMAN HEADLEY,

defendant herein, conspired with Individual A, Ilyas Kashmiri, and others known and unknown, to provide material support and resources, namely, personnel, tangible property and false documentation and identification, and to conceal and disguise the nature, location, source and ownership of material support and resources, knowing and intending that they be used in preparation for, and in carrying out, a violation of Title 18, United States Code, Section 956(a)(1) (conspiracy to kill, kidnap, maim or injure persons in a foreign country), as charged in Count Ten of this Information;

All in violation of Title 18, United States Code, Section 2339A.

## COUNT TWELVE

### (Providing Material Support to *Lashkar*)

The UNITED STATES ATTORNEY further charges:

1. The allegations of Paragraph 1 of Count One of this Information are incorporated as though fully stated herein.

2. Beginning no later than in or about 2002, and continuing to on or about October 3, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### DAVID COLEMAN HEADLEY,

defendant herein, knowingly provided material support or resources, namely, personnel, currency, tangible property, and false documentation and identification, as those terms are defined in Title 18, United States Code, Sections 2339A(b) and 2339B(h), to a foreign terrorist organization, namely, *Lashkar-e-Tayyiba*, which was designated by the Secretary of State as a foreign terrorist organization on December 26, 2001, pursuant to Section 219 of the Immigration and Nationality Act, and has remained so designated through and including the present time, knowing that *Lashkar-e-Tayyiba* was a designated terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that *Lashkar-e-Tayyiba* had engaged and was engaging in terrorist activity (as defined in Section 212(a)(3)(B) of the Immigration and Nationality Act), and that *Lashkar-e-Tayyiba* had engaged and was engaging in terrorism (as defined in Section 140(d)(2) of

the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989); and as a result of such material support, death resulted to approximately 170 persons;

All in violation of Title 18, United States Code, Section 2339B.

Dated: December 7, 2009

_____
UNITED STATES ATTORNEY